IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAINE E. COLEMAN, )
)
Petitioner, ) Civil Action No. 10-1128
) Judge Schwab
v. ) Magistrate Judge Eddy
)
RAYMOND SOBINA, *et al.*, )
)
Respondents. )

## MEMORANDUM ORDER

Blaine E. Coleman ("Petitioner") is a state prisoner who currently is incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"). Before this Court is Petitioner's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, in which Petitioner attacks his 1997 criminal convictions in the Court of Common Pleas of Mercer County, Pennsylvania, of one count of attempted first-degree murder, 18 Pa. Cons. Stat. Ann. § 901, two counts of aggravated assault, 18 Pa. Cons. Stat. Ann. § 2702, two counts of recklessly endangering another person ("REAP"), 18 Pa. Cons. Stat. Ann. § 2705, and one count of conspiracy to commit first degree murder, 18 Pa. Cons. Stat Ann § 903, for his involvement in the shooting of several people on November 25, 1995. (Doc. 12-81 at 1-2).

This matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. The Magistrate Judge issued a report and recommendation on October 7, 2011, recommending that this case be dismissed as facially untimely, and that a certificate of appealability be denied. (Doc. 14 at 11-12).

Petitioner timely filed objections on November 18, 2011. (Doc. 18). The crux of Petitioner's argument is that his Notice of Intention to File Second Post Conviction Relief Act

1

Petition Pursuant to Newly Discovered Evidence ("Notice"), see (Doc. 12-80), qualifies as a properly filed application for state post-conviction review, pursuant to 28 U.S.C. § 2244(d)(2). (Doc. 18 at 2). Thus, according to his logic, he is entitled to statutory tolling of the limitations period during the 28-day period between October 6, 2009, and October 29, 2009. Id.; see also (Doc. 14 at 7). In support of this argument, Petitioner notes that a status conference was scheduled in his case at the trial court for October 29, 2009 – after the Superior Court had affirmed the dismissal of his first PCRA petition on September 9, 2009, but before the filing of the second PCRA petition on November 6, 2009. (Doc. 18 ¶ 7); see also (Doc. 12-1 at 43). Tolling of this period of time would render his petition timely filed.

As the Magistrate Judge observed in her report, during the pendency of his appeal from the denial of his first PCRA petition, Petitioner filed his Notice with the Court of Common Pleas of Mercer County. (Doc. 12-80); (Doc 12-1 at 43). It is well established under Pennsylvania law that a petitioner is barred from filing a successive petition for post-conviction relief with a trial court while an appeal from the denial of a prior petition still is pending. Instead, a petitioner must file such a petition within the applicable period of time after the resolution of the appeal. See Commonwealth v. Lark, 746 A.2d 585, 586-87 (Pa. 2000). Indeed, Petitioner's counsel conceded as much in the Notice. (12-80 ¶¶ 6-7, 11-12). Thus, as a matter of Pennsylvania law, Petitioner's Notice cannot qualify as a properly-filed state court petition under § 2244. Additionally, while Petitioner is correct that the state court docket indicates that a status conference was scheduled by the trial court prior to the filing of his second PCRA petition, see (Doc. 12-1 at 43), it is noteworthy that he does not mention that it was cancelled the day before it was to take place, and rescheduled for November 6, 2009 – the day on which his second PCRA

2

petition actually was filed with the trial court. Id. at 44. For these reasons, it is clear that Petitioner is not entitled to statutory tolling of the 28-day period in question.

Finally, Petitioner does not argue that he should receive the benefit of equitable tolling, nor does he allege facts that would make its application appropriate.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation (Doc. 14), and Petitioner's objections thereto (Doc. 18), the following ORDER is entered:

AND NOW, this 22nd day of November, 2011,

IT IS HEREBY ORDERED that Petitioner's petition for writ of habeas corpus (Doc. 4) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Magistrate Judge's report and recommendation (Doc. 14) is adopted as the Opinion of this Court.

BY THE COURT:

ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:
BLAINE E. COLEMAN
DS-6494
SCI Albion
10745 Route 18
Albion, PA 16475